Harper, J.
The cases of Duff v. Hutson, 2 Bail. 215; of Richardson v. Dukes, 4 M’C. 159, and of Wise v. Freshley and Veal, 3 M’C. 547, sufficiently establish that where a plaintiff has sustained damage from a trespass not justifiable, which is capable of being accurately estimated in money, he is entitied to recover to the extent of the damage actually sustained ; and though thoro may be circumstances of extenuation on the part of a trespasser, yet the jury are not at liberty capriciously to find merely nominal damages, or a sum far less than the amount of the actual injury.
But I think the case now before us different from the class of cases to which 1 have referred. In those, although there were circumstances of extenuation on the part of the trespasser, (as where the defendant entered on land believing it to be his own,) there was no fault in the party trespassed against. He, therefore, was entitled to be reimbursed to the extent of the injury sustained. But if the party wantonly bring an injury on himself, by his own act and provocation, he has no. reason to complain if a jury should refuse to indemnify him, oven to the extent of his actual loss. Suppose, for instance, the plaintiff in this case had repeatedly and in spite of warning, turned his mules into the defendant’s field. He could not complain if the jury had given him merely nominal damages. He did not turn them into defendant’s field, but there was evidence of great negligence and default on his part. I think it was a case entirely within the discretion of the jurv as to da *506 mages, and that they might properly reduce them below the actual loss proved.
Fair & Pope, for the motion.
Heller & Bauskett, contra.
The motion is dismissed.
Johnson and O’Neall, Js. concurred.